### Revilo Oliver v. Abner R. Smith.

1. SET-OFF—*Unauthorized Note.*—A note signed in the name of the plaintiff by his attorney, but without authority, can not be set off against him in a suit for goods sold, etc.

**Assumpsit**, for goods sold. Appeal from the Circuit Court of Livingston County; the Hon. ALFRED SAMPLE, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

W. T. AMENT and A. E. HARDING, attorneys for appellant.

G. W. PATTON, attorney for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT. Appellee brought this suit to recover the value of tile

sold and delivered to appellant. Appellant sought to set off a note, executed by W. B. Cornell, as attorney for appellee, payable to the order of E. A. Stare and assigned by Stare to appellant. There was a trial by the court. The set-off did not prevail and judgment was entered against appellant for $233.97.

A reversal is asked because the court refused to allow the set-off.

In 1893, appellee, through W. B. Cornell, exchanged property located in Texas for a tile plant and residence belonging to E. A. Stare, located at Sibley, Illinois. After the terms of the trade had been agreed upon, Stare objected to closing it for the reason that he had been informed that the Texas property was not worth what appellee had represented it to be by $500. Appellee was then, and had been, in Texas. Cornell, without further communication with appellee, executed the note in controversy and deeds passed.

The main questions upon the trial were Cornell's authority to execute the note and appellee's subsequent ratification. There was certainly no express authority given Cornell to execute a note for appellee, and we do not think the terms of the agency imparted such authority.

Cornell testified that when he executed the note it was stipulated between him and Stare that appellee should not pay it, and that Stare should look to him (Cornell) alone for payment, as it was understood that Cornell was to take the tile plant off appellee's hands. If the court believed his testimony, his finding that the instrument was executed without authority was right, notwithstanding the recitals in it.

When appellee learned of the existence of the note he expressed surprise, and Cornell, in his presence, told Stare that appellee knew nothing of it, and that he (Stare) knew appellee was not to pay it. So far as appellee was concerned the note was then repudiated.

When we take into consideration all the circumstances attending the trade and the execution of the note, we think

the note was not given in part consideration of the tile factory but was an outside matter between Cornell and Stare.

With the views we entertain of the case we consider a discussion of the propositions of law offered unnecessary. Judgment affirmed.